IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD MASH | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TOWNSHIP OF HAVERFORD DEPT. | : | |
| OF CODES ENFORCEMENT, ET. AL | : | NO. 06-4497 |

L. Felipe Restrepo
United States Magistrate Judge

# MEMORANDUM AND ORDER

Presently before the court are Plaintiff's Motion for Permission to File a Third Amended Complaint (Document # 30) and Defendants' Memorandum in Law in Opposition to Plaintiff's Motion for Permission to File a Third Amended Complaint (Document # 34). For the reasons set forth below the Plaintiff's Motion is **DENIED**.

After filing his original complaint on October 10, 2006, (Document # 1) Plaintiff, Ronald Mash, filed a his first amended complaint against Defendants, the Township of Haverford Department of Codes Enforcement, et.al., on November 21, 2006 (Document # 9) alleging claims of conspiracy to deprive Plaintiff of his right to be employed as a masonry contractor and declaratory judgment for failing to provide plaintiff with an appeal of his contractor's license.

On January 18, 2007, this court issued a scheduling order closing discovery on March 16, 2007. (Document # 18.) On March 15, 2007, per request of the parties, the discovery period was extended until March 30, 2007. (Document # 21.) Plaintiff filed a Motion for Leave to File a

1

Second Amended Complaint on March 21, 2007.[1]  (Document # 22.)  On April 17, 2007, Plaintiff filed the instant motion seeking to amend the complaint again to: (1) remove the name of Judge Capuzzi who appears as a Commissioner on the list of Defendants, (2) include Andy Lewis and Mario Olivo as Defendants, and (3) include additional facts supporting plaintiff's theory that defendants refused to grant plaintiff a license due to retaliation.  (Document # 30.) Defendants subsequently submitted their Memorandum of Law in Opposition to Plaintiff's Motion for Permission to File a Third Amended Complaint on April 30, 2007. (Document # 34.)

>   Rule 15(a) of the Federal Rules of Civil Procedure provides:
>
>   A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . Otherwise a party may amend the party's pleadings only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a).  However, as the Third Circuit explained in Fraser v. Nationwide Mut. Ins. Co., "a district court has the discretion to deny a request to amend if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith, or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." Fraser v. Nationwide Mut. Ins. Co., 352 F.3d 107, 116 (3rd Cir. 2003) (citing Forman v. Davis, 371 U.S. 178, 182 (1962)). The decision to grant or deny a motion for leave to amend a complaint is left to the sound discretion of the district court.  Cureton v. NCAA, 252 F.3d 267, 273 (3d Cir. 2001) .

With respect to undue delay, "the passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become 'undue'

---

[1] Plaintiff filed the instant motion before this Court had an opportunity to rule on Plaintiff's Motion for Leave to File a Second Amended Complaint.  As a result, Plaintiff's Motion for Leave to File a Second Amended Complaint is moot.  (Order dated May 18, 2007.)

placing an unwarranted burden on the court, or will become 'prejudicial,' placing an "unfair" burden on the opposing party." Id. at 272 (citing Adams v. Gould, 739 F.2d 858, 868 (3d Cir. 1984)).  The question of whether undue delay should prevent leave to amend from being granted focuses on the moving party's reasons for not amending sooner.  In the present case, Plaintiff has not set forth any reasons addressing why the mistaken inclusion of Judge Capuzzi and the mistaken omissions of Andy Lewis and Mario Olivo as defendants could not have been identified and remedied prior to this late date.  Moreover, the inclusion of new defendants at this late date would place an unfair burden on opposing party.  As noted above, Plaintiff filed a Motion for Permission to File a Third Amended Complaint on April 17, 2007, approximately six months after filing the original complaint.  Discovery has been closed in this case since March 30, 2007.[2]  Furthermore, the trial has been scheduled for August 20, 2007 and parties' Motions *In Limine* and Summary Judgment Motions were due on May 14, 2007.  In short, Plaintiff's failure to remedy the improperly named Defendants and/or include other Defendants in a more timely fashion constitutes undue delay.

Additionally, leave to amend may also be denied where the amendment would result in substantial prejudice to the non-moving party.  See Cureton, 252 F.3d at 272.  Although the Third Circuit has emphasized that prejudice to the non-moving party is the touchstone for the denial of an amendment, the non-moving party cannot merely claim prejudice, but "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely." Bechtel v. Robinson, 886

---

[2] The court notes that the Motion for Leave to File a Second Amended Complaint was submitted only nine days prior to the extended discovery deadline.

F.2d 644, 652 (3d Cir. 1989) (citations omitted).  As noted above, Plaintiff's Motion for Permission to file a Third Amended Complaint was submitted more than two weeks after the close of discovery and seeks include new defendants.  If this court were to permit Plaintiff to amend the complaint at this late stage of the proceedings, it would unduly prejudice the Defendants who would not have the opportunity to investigate claims against Andy Lewis and Mario Olivo.  See <u>Odyssey Waste Services, Inc. v. BFI Waste Services of North America</u>, 2006 WL 2583591 at*2 (E.D. Pa. Aug. 31, 2006) (citing <u>Cummings v. City of Philadelphia</u>, 2004 U.S. Dist. LEXIS 9030, at *11 (E.D. Pa. Apr. 26, 2004) (citation omitted)). (Stating "Substantial or undue prejudice has been found and the amendment denied 'where the amendment would have asserted new claims, where new discovery would have been necessary, where the motion for leave was filed months after the factual basis for the amendment was discovered by the moving party, and where the motion for leave was brought after summary judgment motions were filed").

And NOW, this 18th of May, 2007, Plaintiff's Motion for Permission to File a Third Amended Complaint is **DENIED** for the reasons set forth above.[3]

BY THE COURT:

_/s/ L. Felipe Restrepo_
L. Felipe Restrepo
United States Magistrate Judge

---

[3] To the extent that Plaintiff erroneously named Judge Capuzzi as a defendant, Plaintiff may file a motion to dismiss the claims against Judge Capuzzi with this court.

With regard to new factual evidence pertaining to Plaintiff's appeals hearing before the Havertown Township Board of Commissioners and the grand jury indictment of a Havertown Township Commissioner, Plaintiff may argue the relevancy of this evidence at trial. This order is not to be construed as a ruling as to the admissibility of this evidence.