IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD MASH | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TOWNSHIP OF HAVERFORD | : | |
| DEPARTMENT OF CODES | : | |
| ENFORCEMENT, *et al.* | : | NO. 06-4479 |

# MEMORANDUM AND ORDER

**L. Felipe Restrepo**                                                                                September 7, 2007
**United States Magistrate Judge**

      Before the Court are two motions submitted by plaintiff, Ronald Mash: a motion for reconsideration (Doc. No. 57) asking the Court to reconsider its August 3, 2007 Order granting defendant's motion for summary judgment, and a second motion asking the Court for leave to file his motion for reconsideration *nunc pro tunc* (Doc. No. 59). Because plaintiff filed his motion for reconsideration outside the strict 10-day deadline mandated by Federal Rule of Civil Procedure 59(e) and Rule 7.1(g) of the Local Rules of Civil Procedure, plaintiff's motion for leave to file his motion for reconsideration is denied, and his motion for reconsideration is dismissed as untimely. To the extent to which Plaintiff's motion may be construed as a Federal Rule of Civil Procedure 60(b) motion instead of an untimely Rule 59(e) motion, it is also denied because plaintiff failed to present any new evidence or any "extraordinary circumstances" justifying relief from judgment.

1.  **BACKGROUND** [1]

In his Complaint and at oral argument on the cross-motions for summary judgment, Mr. Mash asserted four civil rights claims against the Township of Haverford (hereinafter "the Township") under 42 U.S.C. § 1983: (1) a First Amendment retaliation claim alleging that the Board of Commissioners denied him a contractor's license in 2006 in retaliation for his verbal and written disagreements with David Cooper, a Township code enforcement officer, and because of his 2002 "Right to Know" lawsuit against several of the Township's commissioners; (2) a claim alleging a property and liberty interest in employment as a contractor within the Township under the Fifth and Fourteenth Amendments, and a deprivation of that right; (3) a conspiracy amongst the Township's commissioners to deprive him of his civil rights; and (4) malicious prosecution by the Township for depriving him of his right to employment under the Fourth and Fourteenth Amendments.  See Mem. and Order filed 8/3/07, at 11-26 (Doc. No. 55); Summ. J. Oral Arg. Tr. at 11-13.  The Township argued that Mr. Mash failed to offer sufficient evidence of an unconstitutional or illegal Township policy, custom, or practice that deprived him of the afore mentioned federally protected rights under 42 U.S.C. § 1983.  See Mem. and Order filed 8/3/07, at 27; see also Monell v. N.Y. Dept. of Soc. Servs., 436 U.S. 658 (1978).

Because Mr. Mash failed to offer **any** evidence of an unconstitutional or illegal Township policy or custom that deprived him of his rights under the Monell standard, defendant's motion for summary judgment was granted on August 3, 2007. See Order at 10, 32.

On August 19, 2007, Mr. Mash filed a motion for reconsideration pursuant to Federal

---

[1] A detailed factual background of this case has been recounted in the Court's Memorandum and Order filed Aug. 3, 2007 granting defendant's motion for summary judgment. In the interest of judicial economy, it will not be repeated here.

Rule of Civil Procedure 59(e) and "Local Rule 7.1(I)," and, one day later, filed a motion for leave to file his motion *nunc pro tunc*.

## 2. DISCUSSION

### A. Motion for Reconsideration under Federal Rule of Civil Procedure 59(e) and Local Rule 7.1(g)

Plaintiff cites Federal Rule of Civil Procedure 59(e) in his motion for reconsideration and "Local Rule 7.1(i)." Pl.'s Br. 1. A motion for reconsideration, if served within ten (10) days of the entry of judgment, is properly characterized as a motion to alter or amend judgment under Rule 59(e). See Fed. R. Civ. P. 59(e); Sibio v. Borough of Dunmore, 2007 U.S. Dist LEXIS 35380, at *4 (M.D. Pa. May 15, 2007); Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 313 (M.D. Pa. 1994) (citing Lavespere v. Niagra Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990)); 27A Fed. Proc., L. Ed. § 62:756 (2006). Rule 59(e) states, "Any motion to alter or amend a judgment **shall** be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e) (emphasis added). Mr. Mash also cites "Local Rule 7.1(i)." Because this rule does not exist, it will be assumed that Mr. Mash meant Rule 7.1(g), which governs motions for reconsideration. Pursuant to Local Rule 7.1(g), "Motions for reconsideration or reargument **shall** be served within ten (10) days after the entry of the judgment, order, or decree concerned." Local R. Civ. P. 7.1(g) (emphasis added). The Order Mr. Mash challenges was entered on August 3, 2007; plaintiff's motions were filed on August 19, 2007 and August 20, 2007. The 10-day filing period for a motion to alter or amend a judgment is jurisdictional and cannot be extended at the discretion of the district court. See Fed. R. Civ. P. 6(b); Browder v. Dir, Dep't of Corr. of Ill.,

3

434 U.S. 257, 263 n. 7 (1978); Kraus v. Consol. Rail Corp., 899 F.2d 1360, 1362 (3d Cir. 1990) ("Rule 6(b) . . . explicitly provides that the district court may not extend the time for taking any action under Rule 59(e)."). Thus, plaintiff's motion for leave to file his motion for reconsideration must be denied and his motion for reconsideration must be dismissed. See also Albert Einstein Med. Ctr. v. Physicans Clinical Servs., 1991 U.S. Dist. LEXIS 18705, at *1 n.1 (E.D. Pa. Dec. 19, 1991) ("[if a] motion for reconsideration is untimely . . . [it] may be denied on that ground alone.").

Even assuming *arguendo* that Mr. Mash's motion for reconsideration were timely, it would warrant no relief. The purpose of motions for reconsideration is to correct "manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171, 106 S.Ct. 2895 (1986); Yeager's Fuel, Inc. v. Penn. Power & Light Co, 1995 WL 348798 (E.D. Pa. June 7, 1995). A judgment may only be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); NL Indus, Inc. v. Commercial Union Ins. Co., 65 F.3d 314, 324 n. 8 (3d Cir. 1995); see also Sibio, 2007 U.S. Dist. LEXIS 35380, at *5.

Because there has been no intervening change in the law, Mr. Mash seems to argue that new evidence is now available that was not available at the time of summary judgment, and that this Court's failure to consider that evidence has resulted in a clear error of fact and law. Specifically, Mr. Mash argues that because the Court denied his repeated requests to amend his

4

Complaint, he was unable to specifically include "evidence of [Mr. Mash's 2002 state law] 'Right to Know'" suit against several of the Township's commissioners in his pleadings as "evidence" going to prove all four claims of civil rights violations under 42 U.S.C. § 1983. See Pl.'s Br. 18-28.  Thus, Mr. Mash argues, evidence of the "Right to Know" lawsuit "was not on the record" in this case and this allegedly critical evidence was not considered by the Court in its determination of § 1983 liability.  Id.  Mr. Mash also alleges that this Court did not permit him to amend his Complaint to include evidence of an indictment of Township Commissioner Moran under the Sunshine Act, and, therefore, this Court did not consider that evidence as it might affect Mr. Mash's § 1983 claims.  See Pl.'s Br. 25.

However, plaintiff himself cites the text of this Court's Aug. 3, 2007 Memorandum and Order that addressed the issue of the "Right to Know" lawsuit.  See Pl.'s Br. 18.  The potential implications of Mr. Mash's lawsuit were addressed at length by both parties at oral argument. See Summ. J. Oral Argument Tr. at 5, 11, 34-35.  Plaintiff's counsel stated at oral argument that he heard Mr. Mash recount his "Right to Know" filing at his February 21, 2007 deposition.  Summ. J. Oral Arg. Tr. at 30.  Further, Plaintiff submitted evidence of the indictment against Commissioner Moran with his motion for summary judgment and both parties addressed the potential implications of the indictment at oral argument.  See Summ. J. Oral Arg. Tr. at 24-26. Thus, it is difficult to see how the evidence can be characterized as not on the record, not heard by the Court, or unavailable to plaintiff at the time of summary judgment.[2]

A motion for reconsideration "addresses only factual and legal matters that the court may have overlooked . . . It is improper on a motion for reconsideration to ask the court to rethink

---

[2] Plaintiff's counsel seems to be operating under the misconception that unless evidence is pled in the Complaint, it is not on the record or cannot be submitted as evidence.

5

what it has already thought through – rightly or wrongly." Lischner v. Upper Darby Twp, 2007 U.S. Dist. LEXIS 54528, at *3 (E.D. Pa. July 26, 2007) (citing Glenolden Energy Co. v Borough of Glenolden, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993)).  Unless evidence is newly discovered, it may not be submitted in support of a motion for reconsideration. Harsco, 799 F.2d at 909; DeLong Corp. v. Raymond Int'l Inc., 622 F.2d 1135, 1139-40 (3d Cir. 1980); Diaconu v. Def. Logistics, 2007 U.S. Dist. LEXIS 22986, at *7-8 (E.D. Pa. Mar. 27, 2007); see also Hill v. Tammac Corp., 2006 U.S. Dist. LEXIS 18531, at *2 (M.D. Pa. Mar. 3, 2006); 18 Wright, Miller, & Cooper, § 4478 at 790 (2007).  Because plaintiff has failed to present any new evidence,[3] even assuming *arguendo* that the plaintiff's Rule 59(e) motion were timely filed, it would be denied.

Additionally, Mr. Mash alleges that he is entitled to attorney's fees pursuant to 42 U.S.C. § 1988 because, despite the fact that summary judgment was awarded against him on all claims, he prevailed in his civil rights suit against the Township. Pl.'s Br. 10-12. Regardless of whether plaintiff prevailed on any matter, the United States Supreme Court makes it clear that a post-judgment request for attorney's fees under § 1988 is wholly separable from judgment, and is, therefore, not considered under a motion to amend or alter judgment under Rule 59(e). White v.

---

[3] Attached to his motion for reconsideration, plaintiff submits a printed version of the Township of Haverford's website, which, according to plaintiff, lists the members of the Township's Board of Commissioners. (Document No. 58)  In his brief, plaintiff states that he is providing the Court with this printed version of the Township's website to clarify the reason why, in his original and amended Complaint, he mistakenly included a Township District Judge, John Capuzzi, as a Township commissioner.  See Pl.'s Br. 25-26.  Plaintiff's error regarding Judge Capuzzi's appearance on the printed version of the Township's website was discussed at oral argument. Summ. J. Oral Argument Tr. 3-4, 32. In his brief, plaintiff states, "Attached to this Motion the Court will find a photocopy of the web page which was procured in September 2006 before the original Complaint was filed." Pl.'s Br. 26. Thus, it is apparent that Plaintiff is not alleging that the information contained on the website is newly discovered, and is, for the purpose of a motion for reconsideration, irrelevant.  See e.g., Max's Seafood Café, 176 F.3d at 677.

N.H. Dep't of Employment Sec., 455 U.S. 445, 102 S.Ct. 1162 (1982) ("A request for attorney's fees under § 1988 raises legal issues collateral to the main cause of action – issues to which Rule 59(e) was never intended to apply."); FCC v. League of Women Voters of Cal., 468 U.S. 364, 104 S.Ct. 3106 (1984).  Thus, to the extent that plaintiff's motion requests attorney's fees, that request must be denied.

### B. Motion for Reconsideration under Federal Rule of Civil Procedure 60(b)

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration" *in haec verba*; that is, it is not a motion specifically provided for in the Rules of Civil Procedure, rather motions labeled "motions for reconsideration" are recognized as motions to alter or amend under Rule 59(e).  See Lavespere v. Niagra Mach. & Tool Works, Inc., 910 F.2d 167 (5th Cir. 1990).  The Third Circuit has stated that the **purpose** of the motion for reconsideration, not the actual Rule of Civil Procedure cited in the motion, should determine its character.  United States v. Contents of Accounts Nos. 3034504504 and 14-07143 at Merrill Lynch, 971 F.2d 974, 987 (3d Cir. 1992); Keith v. Truck Stops Corp. of Am., 909 F.2d 743, 746 (3d Cir. 1990); Venen v. Sweet, 758 F.2d 117, 122 (3d Cir. 1985).

To that end, motions for reconsideration filed pursuant to Rule 59(e) but outside of its 10-day jurisdictional period have, on occasion, been interpreted as falling under Rule 60(b), a "motion for relief from judgment or order."  Fed. R. Civ. P. 60(b); see e.g., Contents of Accounts Nos. 3034504504 and 14-07143 at Merrill Lynch, 971 F.2d at 987 (where a district court construed a motion for reconsideration filed more than a month after the final order as a Rule

59(e) motion, the appellate court found that the court should have construed the motion as filed under 60(b)); Lavespere, 910 F.2d at 173; Aloe Coal Co. and Commercial Union Ins. Co. v. Clark Equip. Co., 816 F.2d 110, 112 (3d Cir. 1987) (interpreting what the movant labeled a Rule 59(e) motion in the district court as a Rule 60(a) motion for purposes of tolling the time for appeal); Glick v. White Motor Co., 458 F.2d 1287, 1293-94 (3d Cir. 1972); 27A Fed. Proc., L. Ed. § 62:756 (2006) ("If it is sought within 10 days, the [motion for reconsideration] may be considered a motion to alter or amend judgment under Fed. R. Civ. P. 59(e); if not, the motion to reconsider must be treated as a motion for relief from judgment under Fed. R. Civ. P. 60.")

Plaintiff states that his motion for reconsideration is filed pursuant to Rule 59(e). Pl.'s Br. 1. However, because plaintiff's brief was filed outside the 10-day jurisdictional period, the Court will briefly address why it would be inappropriate to interpret plaintiff's motion as a Rule 60(b) motion instead of an untimely Rule 59(e) motion.[4]

Rule 60(b) reads, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons . . . (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) . . . or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). Because plaintiff does not submit any new evidence for this Court to consider (as previously discussed), Rule 60(b)(1) is inapplicable. Under Rule 60(b)(6), relief is only available in cases evidencing "extraordinary circumstances;" since legal error can usually be

---

[4] The decision to grant or deny relief under Rule 60(b) lies within the "sound discretion of the trial court." Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981).

corrected on appeal, legal error alone fails to justify relief under Rule 60(b)(6). Pridgen v. Shannon, 380 F.3d 721, 728 (3d Cir. 2004); Morris v. Horn, 187 F.3d 333, 341 (3d Cir. 1999) (stating that "a Rule 60(b)(6) motion may not be used as a substitute for an appeal.")

Plaintiff's brief contains only vague statements that the court factually and legally erred due to its allegation that the Court failed to consider certain evidence plaintiff wished to include in subsequent Amended Complaints. At the time this Court denied his request to amend his Complaint, plaintiff could have appealed the denial. See e.g., Professional Cleaning & Innovative Bldg. Serv. v. Kennedy Funding, Inc., 2007 WL 2249064 (3d Cir. Aug. 7, 2007). Though he now requests reconsideration regarding this Court's factual and legal analysis, plaintiff has not stated any reason why his request is made pursuant to "extraordinary circumstances," nor has he indicated any reason for reconsideration that could not have been taken up by plaintiff in an appeal of the Order granting summary judgment to defendants. Accordingly, this Court will not consider plaintiff's motion for reconsideration as a Rule 60(b) motion.

### 3. CONCLUSION

For the aforementioned reasons, this Court denies Plaintiff's Motion for Leave to File a Motion for Reconsideration (Document No. 59) and dismisses Plaintiff's Motion for Reconsideration (Document No. 57) of its Memorandum and Order filed Aug. 3, 2007 granting summary judgment for defendant (Document No. 55).

An implementing order follows.